IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN HALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-CV-206 |
| | § | |
| THE KROGER CO., known as | § | |
| KROGER TEXAS L.P., | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO ABSTAIN AND TO REMAND

The following are pending before the court:

1. Plaintiff's motion to abstain and to remand (docket entry #6);

2. Defendant's response to Plaintiff's motion to abstain and to remand (docket entry #8); and

3. Plaintiff's sur-reply on motion to abstain and to remand (docket entry #9).

Having considered the Plaintiff's motion and the responsive briefing thereto, the court finds that the motion to abstain and to remand should be denied.

### BACKGROUND

On April 22, 2008, the Plaintiff filed the instant action in the 401st Judicial District Court of Collin County, Texas, seeking monetary damages resulting from the Defendant's negligence. In his original petition, the Plaintiff alleges that he was shopping at the Defendant's store located at 2925 Custer Road, Plano, Texas on or about April 25, 2006. The Plaintiff alleges that as he approached the self-checkout lane, one of the Defendant's employees stepped back, turned quickly and collided with the Plaintiff, knocking the Plaintiff to the ground. The Plaintiff claims that as a

-1-

result of this collision, he suffered serious injuries to his neck, left hip, left elbow and left shoulder. Further, the Plaintiff alleges that he continues to suffer from significant neck pain. The Plaintiff seeks to recover damages "in a sum within the jurisdictional limits of the Court" for past and future reasonable medical care and expenses, physical pain and suffering in the past and future, mental anguish in the past and future, physical impairment in the past and future, and medical monitoring and prevention.

The Defendant filed its answer on May 7, 2008. Thereafter, on May 9, 2008, the Plaintiff filed his first amended original petition in state court. In his first amended original petition, the Plaintiff seeks to recover damages in the maximum amount of $130,000.00. On June 10, 2008, the Defendant removed the Plaintiff's lawsuit to this court based on diversity jurisdiction.[1] In its notice of removal, the Defendant states that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. On July 8, 2008, the Plaintiff moved this court to abstain from hearing this civil action and to remand this case to state court. In his motion to remand, the Plaintiff argues that the Defendant's removal was untimely.[2]

## DISCUSSION AND ANALYSIS

A defendant may remove any civil action from state court to a district court of the United

---

[1] In its notice of removal, the Defendant states that it first became aware that this case might be removable on May 17, 2008 when it received the Plaintiff's first amended original petition. The Plaintiff does not contest that the Defendant received the first amended original petition on May 17, 2008.

[2] The Plaintiff further argues that removal was improper because he anticipates joining an unidentified person known as "Kasandra" to the lawsuit. The Plaintiff presumes that "Kasandra" is a Texas resident; accordingly, diversity would be defeated. The Plaintiff, however, did not adequately brief this issue. The Plaintiff cited no authority for the proposition that a yet to be named party of unknown citizenship may defeat diversity. Additionally, the scheduling order provides that additional parties were to be joined by January 2, 2009. The Plaintiff did not join "Kasandra" by the January 2, 2009 deadline, nor has the Plaintiff moved for leave of court to join "Kasandra." The court finds that the Plaintiff's argument lacks merit.

States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. "[T]he removing party bears the burden of proving that the facts of the case are adequate to establish federal jurisdiction." *Powell v. National Action Financial Services*, 2005 WL 1866150, *2 (S.D. Tex. 2005), citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961). "The removing party must establish 'that federal jurisdiction exists and that removal was proper.'" *Carmardelli v. Wal-Mart Stores, Inc.*, 545 F.Supp.2d 595, 597-98 (W.D. Tex. 2008), citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any doubts as to the propriety of removal should be resolved in favor of remand." *Id*. at 598, citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The issue before the court is whether the Defendant timely initiated removal proceedings within the thirty day removal period set forth in 28 U.S.C. § 1446(b). *See id*. Title 28 U.S.C. § 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The Plaintiff argues that the Defendant knew that the amount in controversy exceeded $75,000.00 prior to the filing of the Plaintiff's lawsuit. On March 17, 2008, the Plaintiff sent to the Defendant's agent, Sedgwick Claims Management Services, Inc., a pre-suit demand letter seeking the recovery of $95,000.00. The Plaintiff argues, then, that because the Defendant knew that the Plaintiff's damages exceeded $75,000.00 prior to the filing of the lawsuit, the Defendant should have removed the lawsuit within thirty days after being served with the Plaintiff's original petition.

"[T]he thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). "When a complaint fails to specify a numerical value of damages, courts examine the nature of the injuries and damages alleged therein in order to determine whether the amount in controversy exceeds the requisite jurisdictional amount." *Carmardelli*, 545 F.Supp.2d at 598.

Here, the Plaintiff's original petition did not specify a numerical value of damages. While the Plaintiff alleged in his original petition that he seeks to recover damages for past and future medical expenses, physical pain and suffering, mental anguish, physical impairment and medical monitoring, the Plaintiff did not allege that he was seeking to recover damages for lost wages or a loss of earning capacity. *See id*. at 599. Further, the Plaintiff did not allege in his original petition that he required any hospitalization. *See id*. Accordingly, the court finds that the Plaintiff's original petition did not affirmatively reveal that the amount in controversy exceeded $75,000.00. *See id*. As such, the Defendant's receipt of the Plaintiff's original petition did not trigger the thirty day

removal period.³ *See id*.

The Plaintiff, however, appears to be arguing that the March 17, 2008 demand letter constituted "other paper" within the meaning of the second paragraph of § 1446(b), *supra*. *See Chapman*, 969 F.2d at 163. Accordingly, the Plaintiff contends that the Defendant's receipt of the pre-suit demand letter, revealing that the amount in controversy exceeded $75,000.00, coupled with the Defendant's receipt of the Plaintiff's original petition revealing complete diversity of citizenship between the parties, triggered the thirty day time limit in the second paragraph of § 1446(b). *See id*. However, "[t]he plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Id*. at 164. Since the Defendant received the "other paper," i.e. the March 17, 2008 demand letter, prior to receiving the initial pleading, the Plaintiff's argument must fail.

## CONCLUSION

Based on the foregoing, the court concludes that the Plaintiff's motion to abstain and to remand (docket entry #6) is hereby **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 23rd day of March, 2009.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

³The Plaintiff does not argue that his original petition affirmatively revealed on its face that he was seeking damages in excess of $75,000.00.